UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE

ERNIE HAIRE FORD, INC.,

    Debtor,
_____/

WILLIAM M. ROBERTS, as
Liquidating Agent for ERNIE
HAIRE FORD, INC.,

    Plaintiff,
v.

ADESA FLORIDA, LLC, et al.,

    Defendants.
_____/

CASE NO.: 8:12-mc-105-T-23
ADVERSARY NO: 8:11-ap-1426-MGW
BK NO: 8:08-bk-18672-MGW

**<u>ORDER</u>**

Six defendants move (Docs. 2, 3, 4, 5, 6) under 28 U.S.C. § 157(d) and Rule 5011-1, Local Bankruptcy Rules, for a withdrawal of the reference of an adversary proceeding that includes claims for fraudulent transfer under 11 U.S.C. §§ 544(b) and claims under Florida statutory and common law.

      In considering whether to withdraw the reference, a district court "should first evaluate whether the claim is core or non-core" because "questions of efficiency and uniformity" depend largely on the character of the proceeding. *In re Orion*

*Pictures*, 4 F.3d 1095, 1101 (2d Cir. 1993). A bankruptcy court may "hear and determine . . . all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158." 28 U.S.C. § 157(b). Section 157(b)(2) delineates several categories of "core" proceedings. 28 U.S.C. § 157(b)(2); *see also In re Electric Mach. Enter.*, 479 F.3d 791 (11th Cir. 2007); *In re Happy Hocker Pawn Shop*, 212 F. App'x 811 (11th Cir. 2006). As further explained in *In re Wood*, 825 F.2d 90, 97 (5th Cir. 1987):

> 'If the proceeding involves a right created by the federal bankruptcy law, it is a core proceeding; for example, an action by the trustee to avoid a preference. If the proceeding is one that would arise only in bankruptcy, it is also a core proceeding; for example, the filing of a proof of claim or an objection to the discharge of a particular debt. If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding; it may be related to the bankruptcy because of its potential effect, but under section 157(c)(1) it is an "otherwise related" or non-core proceeding.'

*Happy Hocker*, 212 F. App'x at 816 (quoting *Wood*). "[A] core proceeding must always implicate the property of the bankruptcy estate." *Happy Hocker*, 212 F. App'x at 816. A bankruptcy court may also hear "a proceeding that is not a core proceeding but that is otherwise related to a case under Title 11." 28 U.S.C. § 157(c)(1).

Under Section 157(d) "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely

motion of any party, for cause shown." Although Section 157(d) provides no definition of the "cause" sufficient to permit withdrawal, Section 157(d)'s requiring "cause" is "not an empty requirement." *In re Parklane/Atlanta Joint Venture*, 927 F.2d 532, 536 (11th Cir. 1991). Factors to consider include "[1] advancing uniformity in bankruptcy administration, [2] decreasing forum shopping and confusion, [3] promoting the economical use of the parties' resources, and [4] facilitating the bankruptcy process." 927 F.2d at 536 n.5. Other factors include "'(1) whether the claim is core or non-core[,] (2) efficient use of judicial resources[,] (3) a jury demand, and (4) prevention of delay.'" *In re Hvide Marine Inc.*, 248 B.R. 841, 844 (M.D. Fla. 2000) (Lazzara, J.) (footnote omitted) (quoting *In re TPI Int'l Airways*, 222 B.R. 663, 668 (S.D. Ga. 1998)).

In addition to "non-core" claims, this action includes at least one "core" claim (fraudulent transfer under 11 U.S.C. § 544(b)). 11 U.S.C. § 157(b)(2)(H) ("proceedings to determine, avoid or recover fraudulent conveyances"); *see XL Sports, Ltd. v. Lawler*, 49 F. App'x 13, 21 (citing *In re Mankin*, 823 F.2d 1296, 1299-1301 (9th Cir. 1987)); 1 Collier on Bankruptcy § 302[3][b] (2012). However, the defendants demand a jury trial (to which the defendants demonstrate entitlement) and decline to consent to a jury trial in bankruptcy court. 28 U.S.C. § 157(e); *Granfinanciera v. Nordberg*, 492 U.S. 33 (1989).

Although Section 157(c)(1) requires the submission of proposed findings and conclusions of law and a *de novo* review for each "non-core" proceeding, the factors cited in *Parklane* weigh for the moment in favor of denying withdrawal.  Permitting this adversary proceeding to remain in bankruptcy court for the disposition of all pre-trial matters, including any dispositive motion, (1) advances uniformity of bankruptcy administration, (2) decreases both the likelihood of confusion and the opportunity to gain an advantage by forum shopping, (3) promotes the economical use of the parties' resources by limiting the bulk of the action to a single forum, and (4) facilitates the efficient administration of the debtor's estate.

Accordingly, the defendants' motions (Docs. 2, 3, 4, 5, 6) for withdrawal of the reference are **DENIED WITHOUT PREJUDICE** to the extent that the parties may re-assert the request for withdrawal upon the conclusion of all pre-trial matters.  The Clerk is directed to close this case.

ORDERED in Tampa, Florida, on September 24, 2012.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE